IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-40313
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERRY KAYE GAUTHIER; PAMELA D. SMALL,

Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-46-2

January 15, 2001

Before GARWOOD, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Sherry Kaye Gauthier and Pamela D. Small appeal their convictions for conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and one count of mail fraud, in violation of 18 U.S.C. § 1341. Gauthier contends that the admission of seven specified out-of-court statements by Small, who (like Gauthier) did not testify, violated Gauthier's Sixth Amendment Right to

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Confrontation. Gauthier also argues that the district court erred in refusing to reduce her offense level under U.S.S.G. § 3B1.2 for minimal or, in the alternative, minor participation. Both defendants contend that the district court erred in determining the amount of loss under U.S.S.G. § 2F1.1.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a defendant's Sixth Amendment Right to Confrontation is violated "when his non-testifying co-defendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the co-defendant." *United States v. Nutall*, 180 F.3d 182, 188 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 2201 (2000). We review a properly raised *Bruton* issue under an abuse-of-discretion standard. *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998). We review the admission of those statements to which Gauthier did not object only for plain error. *See United States v. Walker*, 148 F.3d 518, 522 (5th Cir. 1998).

The statements Gauthier challenges on appeal and designates as numbers 1, 2 and 3 make absolutely no mention of her and hence do not directly or plainly incriminate her without reference to other admissible evidence and thus do not fall within the proscription of *Bruton*. *See United States v. Lage*, 183 F.3d 374, 386 (5th Cir.

2

1999).  Further, these statements, as well as statement number 4, all fall within a "firmly rooted" hearsay exception to *Bruton*, namely that for co-conspirator statements made during and in furtherance of the conspiracy, as the trial court properly ruled. *See Walker*, 148 F.3d at 522.  This is likewise true respecting statement 7, and in any event that statement is plainly not hearsay and not admitted for the truth of the matter asserted; the witness was merely testifying as to a verbal act by Small, her offering of a bribe to the witness in the presence of the witness; nothing of the witness's testimony as to what Small said in that connection implicates Gauthier; Gauthier was shown to be present, but only by the witness's own testimony as to her own observation of Gauthier, not by any statement which the witness testified Small made.

Statements 5 and 6 were not objected to by Gauthier at trial (nor, indeed, were any of the seven statements objected to on *Bruton* related grounds except statement 1).[1]  Statement 6 contains nothing plainly incriminatory of Gauthier.  This is also largely true of statement 5, although a small part of it might fairly be

---

[1]Statements 5 and 6 were admitted only as against Small, and the jury was told not to consider them as to Gauthier.  This, of course, does not preclude *Bruton* error, but it may explain the failure to object.  We further note that these statements could have been properly admitted against Gauthier under the co-conspirator exception as Small clearly had not withdrawn from the conspiracy and was trying to keep it concealed so it could still be carried out.  *See United States v. Esacove*, 943 F.2d 3, 5 (5th Cir. 1991); *United States v. Broussard*, 80 F.3d 1025, 1039 (5th Cir. 1996).

3

described as plainly incriminatory of Gauthier. Nevertheless, it is clear that any error in admitting statements 5 and 6 was harmless beyond a reasonable doubt, as the prosecution's other evidence (indeed, its evidence apart from any of the statements) was not simply adequate but was indeed overwhelming and compelling, any *Bruton* vulnerable portion of statements 5 and 6 was essentially cumulative, and neither defendant presented any evidence. *See Nutall*, 180 F.3d at 188; *United States v. Cartwright*, 6 F.3d 294, 300 (5th Cir. 1993).[2]

Finally, the district court did not abuse its discretion when it determined that Gauthier was not entitled to a reduction in her offense level because she was not a minor or minimal participant. *United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998). The district court's loss calculation, based upon the entire value of the estate of John Waits, Jr., is plausible in light of the record as a whole, and the district court did not err by refusing the defendants the benefit of a three-level reduction in their base offense level pursuant to U.S.S.G. § 2X1.1. *See United States v.*

---

[2]We observe that in her statement of issues on appeal Gauthier lists denial of her motion for severance and of her motion for mistrial. Neither issue, however, is otherwise actually briefed. Those issues are hence deemed abandoned. Moreover, each is wholly without merit. The motion to sever was not filed until after voir dire was completed and the jury had been selected, and was hence untimely and waived. *See United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997). The motion for mistrial was predicated on the admission of statement 1; for the reasons above set out, there was no error in the admission of statement 1.

4

*Oates*, 122 F.3d 222, 225-27 (5th Cir. 1997).

We affirm the convictions and sentences of both Gauthier and Small.

AFFIRMED.